ELECTIONS The Oklahoma Statutes do not prohibit political action committees composed of employees of a corporation who have voluntarily contributed funds from contributing to campaigns for state elective offices. Such funds may also be contributed to campaigns for county and city elective offices. Under 26 O.S. 15-110 [26-15-110] (1977), which prohibits corporate campaign contributions, and under the provisions of Article IX, Section 40 of the Oklahoma Constitution, a corporation may not bear the administrative overhead expenses for a political action committee composed of its employees. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: 1. Would it be legal under the laws of Oklahoma, particularly 26 O.S. 15-110 [26-15-110] (1977), for an employee's political action committee to contribute campaign funds to candidates for state elective offices? 2. Can such campaign funds be used for contributions to county and city elective offices? 3. Would it be a violation of Oklahoma law for a corporation to pay the administrative overhead expenses of a political action committee where the committee, in addition to supporting federal candidates, contributes to state and local candidates ? Title 26 O.S. 15-110 [26-15-110] (1977), provides: "No corporation chartered under the laws of this state, or foreign corporation admitted to do business in this state, shall contribute to any campaign fund for or against a state question, or any campaign fund of any political party of this state or to any other person for the benefit of such party or its candidates, nor shall they, through any agent, officer, representative, employee, attorney, or any other person or persons, so contribute. Nor shall any such corporations, except a banking corporation in this state, directly or through such other person, make any loan of money or anything of value, or give or furnish any privilege, favor or other thing of value to any political party, or to any representative of a political party, or to any other person for it, or to any candidate upon the ticket of any political party. The provisions of this section shall apply to candidates as well as political parties. When any official, agent, attorney, or employee of a corporation has been shown to have violated the provisions of this section, it shall be presumed that he was acting for such corporation, and the burden shall be upon the accused corporation to show that such official, agent, attorney or employee was not acting for it or with its sanction." It should also be noted that Article IX, Section 40 of the Oklahoma Constitution, provides: "No corporation organized or doing business in this State shall be permitted to influence elections or official duty by contributions of money or anything of value." In the body of your letter requesting an opinion, it is revealed that the political action committees to which you refer are committees established to receive voluntary contributions of corporate employees to be contributed to various candidates. It must be assumed that the corporate employer does not contribute any funds, directly or indirectly, to the political action committee campaign funds. You also correctly point out that the federal law permits a corporation to pay administrative overhead expenses of a political action committee to cover costs of the employees' payroll deductions, mailing costs, and occasional travel by corporate employees directly incident to administering the political action committee. Title2 U.S.C.A. 441b(b)(2)(C), permits a corporation to establish and administer a separate segregated fund to be used for political purposes. There are no similar Oklahoma Statutes relating to the formation and regulation of political action committees. A political action committee is included within the definition of an "organization" in 26 O.S. 15-102 [26-15-102] of the Act which provides as follows: ". . . "5. `Organization' includes a corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, union, political education or action groups, and political entities with two or more persons having a joint or common interest." (Emphasis added) The Act requires an organization to file written reports of all contributions and expenditures in 26 O.S. 15-103 [26-15-103]. As was above noted, the Oklahoma Statutes do not appear to permit corporate contributions to any degree whatsoever and it further appears that for a corporation to bear administrative costs in relation to a political action committee composed of corporate employees would be in violation of the provisions of 26 O.S. 15-110 [26-15-110]. It is just as clear that Oklahoma law does not prohibit the formation of political action committees by corporate employee into which said employees voluntarily make contributions to a fund for the support of candidates for state and local offices. However, it would appear that administrative overhead expenses must be borne by the funds contributed by the employees and not by the corporation. It is clearly recognized that a political action committee wishing to involve itself in both federal and state political campaigns is faced with a dilemma because of the differences between federal and state statutes relating to corporate contributions. Apparently administrative overhead expenses relating to federal campaigns may be borne by a corporation but the same expenditure by a corporation as to state and local candidates would constitute a violation of 26 O.S. 15-110 [26-15-110] above. A resolution of this conflict of laws will perhaps require an adjustment of accounting procedures or the formation of separate funds for contributions to federal and state campaigns. Either approach will be burdensome, but the conclusion that corporations may not contribute to any campaign, directly or indirectly, in Oklahoma is inescapable upon analyzing the applicable statutes and constitutional provisions. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Oklahoma statutes do not prohibit political action committees composed of employees of a corporation who have voluntarily contributed funds from contributing to campaigns for state elective offices. Such funds may also be contributed to campaigns for county and city elective offices. Under 26 O.S. 15-110 [26-15-110] (1977), which prohibits corporate campaign contributions, and under the provisions of Article IX, Section 40 of the Oklahoma Constitution, a corporation may not bear the administrative overhead expenses for a political action committee composed of its employees. (GERALD E. WEIS) ** SEE: OPINION NO. 79-206 (1979) **